Sahag TCHAKMAKJIAN, Petitioner,

v.

DEPARTMENT OF DEFENSE,
Respondent.

No. 02–3127.

United States Court of Appeals,
Federal Circuit.

DECIDED: Jan. 30, 2003.

Before BRYSON, GAJARSA, and PROST, Circuit Judges.

## DECISION

PER CURIAM.

Sahag Tchakmakjian petitions for review of the decision of the Merit Systems Protection Board ("Board"), which dismissed his petition for lack of jurisdiction. *Tchakmakjian v. Dep't of Defense,* Docket No. SF–0752–00–0672–I–1 (Jan. 8, 2001) (petition for review denied 90 M.S.P.R. 456 (Sept. 24, 2001)). Because the Board's decision is not arbitrary, capricious, or an abuse of discretion, and is otherwise in accordance with law, this court *affirms.*

## BACKGROUND

Mr. Tchakmakjian served as a Quality Assurance Specialist with the Defense Contract Management Agency ("agency") in the Van Nuys, California office. The agency designated his position as a non-critical, sensitive position, and required

Mr. Tchakmakjian to maintain eligibility for a security clearance in order to maintain eligibility to hold his position. Mr. Tchakmakjian became eligible for a security clearance on October 29, 1987.

On November 9, 1999, the agency revoked Mr. Tchakmakjian's security clearance and eligibility to occupy a sensitive position. Mr. Tchakmakjian appealed the revocation, but the agency upheld the revocation on April 4, 2000. The agency notified Mr. Tchakmakjian by letter dated April 27, 2000 that it was proposing his removal from federal service because his security clearance had been revoked and that he therefore was no longer eligible to occupy his position. In a letter dated May 23, 2000, the agency notified Mr. Tchakmakjian of his removal from federal service, effective June 4, 2000, because he was no longer eligible to occupy a sensitive position.

On May 3, 2000, between the April 27, 2000 proposed notice of removal and the May 23, 2000 notice of removal, Mr. Tchakmakjian filed a complaint with the Office of Special Counsel ("OSC") alleging that the agency was removing him not because of the revocation of his security clearance eligibility but in retaliation for earlier whistleblowing actions that he had filed against the agency. By letter dated July 26, 2000, the OSC notified Mr. Tchakmakjian that it was terminating inquiries into his allegations and that he should seek corrective action before the Board.

On September 13, 2000, Mr. Tchakmakjian filed an Individual Right of Action ("IRA") appeal before the Board, seeking corrective action. He alleged that the agency removed him because of his previous whistleblowing complaints and that he was discriminated against on the bases of his national origin and previous complaints against the agency. He also challenged his removal due to revocation of the security clearance. On January 8, 2001, the Board denied Mr. Tchakmakjian's request for corrective action in an initial decision. The presiding administrative judge ("AJ") understood Mr. Tchakmakjian to have filed both (1) an indirect appeal of the agency removal action in the form of an IRA whistleblowing appeal after first seeking corrective action before the OSC, and (2) a direct appeal of the agency's removal decision, based on Mr. Tchakmakjian's argument that a security clearance was not necessary for his position. First, the AJ concluded that the Board lacked jurisdiction over the IRA appeal, referring to Hesse v. Dep't of State, 217 F.3d 1372 (Fed.Cir.2000), in which this court held that the Board lacked jurisdiction over a State Department employee's claim that his security clearance and position were suspended in retaliation for whistleblowing. Next, the AJ found that Mr. Tchakmakjian did not timely file his direct appeal with the Board. Finally, the AJ refused to consider Mr. Tchakmakjian's discrimination claims because the Board did not have jurisidiction over either the IRA or direct appeals. After this initial denial of Mr. Tchakmakjian's request for corrective action, the full Board denied Mr. Tchakmakjian's petition on September 24, 2001. Mr. Tchakmakjian appealed to this court.

## DISCUSSION

This court must affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

■ As an initial matter, the government argues that this court lacks jurisdiction over Mr. Tchakmakjian's petition be-

cause he failed to file timely his petition for review to this court. *See* 5 U.S.C. § 7703 (2000) (a petition for review must be filed within sixty days from the receipt of notice of the Board's decision). The Board's final decision issued September 24, 2001, and Mr. Tchakmakjian received the decision on September 29, 2001. His petition for review of the Board's decision, as well as his informal brief, were received by this court on February 4, 2002, well beyond the allowable sixty-day time period. However, Mr. Tchakmakjian's brief is dated November 19, 2001, which is within the sixty-day time frame. We further recognize that due to anthrax concerns, this court was deemed inaccessible pursuant to Fed. R.App. P. 26(a)(3) as early as October 22, 2001, until November 26, 2002. In light of these considerations, we conclude that we have jurisdiction over Mr. Tchakmakjian's petition. We thus review his petition pursuant to 28 U.S.C. § 1295(a)(9) (2000).

■■■■ On appeal, Mr. Tchakmakjian contends that the Board erred in dismissing his IRA whistleblowing appeal for lack of subject matter jurisdiction. It is well established that the Board may hear IRA appeals. *See* 5 U.S.C. § 1221(a) (2000). On the other hand, the Board cannot review the merits of a security clearance determination by an agency. *See Dep't of Navy v. Egan*, 484 U.S. 518, 527–29, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988) (ascribing to the executive branch agencies broad discretion in security clearance determinations, which involve "sensitive and inherently discretionary judgment call[s]"). Where these two jurisdictional questions meet—that is, where an employee alleges that an agency's security clearance determination was taken in retaliation for whistleblowing—this court has held that the Board lacks jurisdiction over such an appeal. *Hesse*, 217 F.3d at 1380. Such is

the case here. We agree with the Board that *Hesse* forecloses Mr. Tchakmakjian from raising his IRA appeal. Nor is the outcome altered by Mr. Tchakmakjian's argument that his position did not require a security clearance in the first place. A determination as to whether a position requires a security clearance is well within the discretion of the agency. *See Skees v. Dep't of Navy*, 864 F.2d 1576, 1578 (Fed. Cir.1989) (reasoning that if, under *Egan*, "the Board cannot review the employee's loss of security clearance, it is even further beyond question that it cannot review the Navy's judgment that the position itself requires the clearance"). We conclude that the Board properly dismissed Mr. Tchakmakjian's IRA appeal for lack of subject matter jurisdiction.

■■■ Mr. Tchakmakjian additionally argues that the Board erred in dismissing as untimely his direct appeal concerning his removal due to revocation of his security clearance. We disagree. A direct appeal from an agency "must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later." 5 C.F.R. § 1201.22(b)(1) (2002). The agency's decision was mailed May 23, 2000, and Mr. Tchakmakjian's effective date of removal was June 4, 2000. Mr. Tchakmakjian filed his appeal to the Board on September 13, 2000, more than ninety days after the agency action removing him. Moreover, the AJ gave Mr. Tchakmakjian the opportunity to explain the delay in filing his appeal, which he failed to do. We therefore affirm the Board's dismissal of Mr. Tchakmakjian's direct appeal of his removal because the decision was not arbitrary, capricious, or an abuse of discretion, and the dismissal was otherwise in accordance with law.

We accordingly affirm the Board's decision dismissing Mr. Tchakmakjian's petition for lack of jurisdiction.